This Document Prepared By:
JUSTIN KEITH QUINN
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715
(800) 416-1472

When Recorded Mail To:
FIRST AMERICAN TITLE
ATTN: LMTS
P.O. BOX 27670
SANTA ANA, CA 92799-7670

Tax/Parcel No. 791639814600000
_____ [Space Above This Line for Recording Data] _____
Original Principal Amount: $371,880.00                FHA/VA Loan No.: ▓▓▓▓▓▓
Unpaid Principal Amount: $345,807.71                  Loan No: (scan barcode)
New Principal Amount $359,021.34
New Money (Cap): $13,213.63


# LOAN MODIFICATION AGREEMENT (DEED OF TRUST)
(Providing for Fixed Rate)

Tax Exempt per Virginia State Code 58.1-803C

This Loan Modification Agreement ("Agreement"), made this 21ST day of APRIL, 2014, between WALTER BARROW, JR. AND PATRICIA BARROW, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP AS AT COMMON LAW ("Borrower"), whose address is 4407 TOSH LANE, CHESTER, VIRGINIA 23831 and WELLS FARGO BANK, N.A. ("Lender"), whose address is 3476 STATEVIEW BLVD, MAC# X7801-03K, FORT MILL, SC 29715 amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated NOVEMBER 10, 2008 and recorded on NOVEMBER 10, 2008 in BOOK 8509, PAGE 0894,

Wells Fargo Custom HUD Loan Modification Agreement                                708 ▐▌▐▌▐▌▐▌▐▌
03102014_77
First American Mortgage Services                    Page 1

CHESTERFIELD COUNTY, VIRGINIA, and (2) the Note, in the original principal amount of U.S. $371,880.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at
4407 TOSH LANE, CHESTER, VIRGINIA 23831

the real property described is located in CHESTERFIELD COUNTY, VIRGINIA and being set forth as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower agrees that certain amounts owed will not be capitalized, waived, or addressed as part of this Agreement, and will remain owed until paid. These amounts owed are referenced in the Cover Letter to this Agreement, which is incorporated herein, and are to be paid with the return of this executed Agreement. If these amounts owed are not paid with the return of this executed Agreement, then Lender may deem this Agreement void.

2. As of, JUNE 1, 2014 the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $359,021.34, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest in the amount of U.S. $13,213.63 and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

3. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.8750%, from JUNE 1, 2014. The Borrower promises to make monthly payments of principal and interest of U.S. $1,688.25, beginning on the 1ST day of JULY, 2014, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on JUNE 1, 2044 (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

5. The Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement.

6. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever

cancelled, null and void, as of the date specified in Paragraph No. 1 above:
   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

7. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

8. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

9. If included, the undersigned Borrower(s) acknowledges receipt and acceptance of the Notice of Special Flood Hazard disclosure

10. This Agreement modifies an obligation secured by an existing security instrument recorded in CHESTERFIELD County, VIRGINIA, upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $345,807.71. The principal balance secured by the existing security instrument as a result of this Agreement is $359,021.34, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender have executed this Agreement.    **Lashana Thao**
WELLS FARGO BANK, N.A.                                          **Vice President Loan Documentation**

By _____                              _6/4/14_
                    (print name)                                  Date
                    (title)
_____ [Space Below This Line for Acknowledgments] _____

LENDER ACKNOWLEDGMENT
STATE OF Minnesota           COUNTY OF Dakota

The instrument was acknowledged before me this _June 4, 2014_ by
_Lashana Thao_, the
**Vice President Loan Documentation** of WELLS FARGO BANK, N.A.,
a **Vice President Loan Documentation**, on behalf of said company.

_____ Q. Neal
Notary Public

Printed Name: _Patricia A. Neal_

My commission expires: _01/31/2016_

PATRICIA A. NEAL
Notary Public
Minnesota
My Commission Expires Jan. 31, 2016

THIS DOCUMENT WAS PREPARED BY:
JUSTIN KEITH QUINN
WELLS FARGO BANK, N.A.
3476 STATEVIEW BLVD, MAC# X7801-03K
FORT MILL, SC 29715

In Witness Whereof, I have executed this Agreement.

_____   5/15/14
Borrower: WALTER BARROW JR        Date

_____   5/15/14
Borrower: PATRICIA BARROW         Date

_____   _____
Borrower:                         Date

_____   _____
Borrower:                         Date

_____ [Space Below This Line for Acknowledgments] _____

## BORROWER ACKNOWLEDGMENT

State of Virginia

County of Chesterfield

The foregoing instrument was acknowledged before me this 15, May 2014 (date) by WALTER BARROW JR, PATRICIA BARROW (name of person acknowledged)

_Tammy Williams_
Notary Public

Printed Name: Tammy Williams

My commission expires: 3-31-2016

[Notary Seal: TAMMY WILLIAMS, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, REG #7513509, MY COMMISSION EXPIRES 3/31/2016]

EXHIBIT A

BORROWER(S): WALTER BARROW, JR. AND PATRICIA BARROW, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP AS AT COMMON LAW

LOAN NUMBER: (scan barcode)

LEGAL DESCRIPTION:

KNOWN AND DESIGNATED AS LOT 44, SECTION 3, GREENBRIAR WOODS, AS SHOWN ON PLAT ENTITLED "GREENBRIAR WOODS, SECTION 3, BERMUDA DISTRICT, CHESTERFIELD COUNTY, VIRGINIA", AND PREPARED BY TIMMONS GROUP, DATED OCTOBER 8, 2007 AND RECORDED FEBRUARY 1, 2008 IN PLAT BOOK 187, PAGE 7. SUBJECT TO ANY AND ALL RESTRICTIVE COVENANTS, EASEMENTS AND RESTRICTIONS OF RECORD AS SAME ARE LAWFULLY APPLICABLE TO THE ABOVE DESCRIBED PARCEL OF LAND.

ALSO KNOWN AS: 4407 TOSH LANE, CHESTER, VIRGINIA 23831

## Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **WELLS FARGO BANK, N.A.** (the "Lender") and **WALTER BARROW, JR. AND PATRICIA BARROW, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF SURVIVORSHIP AS AT COMMON LAW** (the "Borrower") dated **APRIL 21, 2014** the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.
Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

This agreement is only valid once consent of the United States Bankruptcy Court or other applicable approval to modify this mortgage is received.

(BORROWER MUST INITIAL HERE) _PB_

Signed this _____ day of _____, 20 ____.

Lender                                              Borrower
By: _____                       _____
Name:     6/4/14                                    (WALTER BARROW JR.

**Lashana Thao**                                    _____
**Vice President Loan Documentation**               PATRICIA BARROW

_____

_____

_____

Wells Fargo Custom HUD Loan Modification Agreement                    708
03102014_77
First American Mortgage Services               Page 7

Date: APRIL 21, 2014
Loan Number: (scan barcode)
Lender: WELLS FARGO BANK, N.A.
Borrower: WALTER BARROW JR, PATRICIA BARROW
Property Address: 4407 TOSH LANE, CHESTER, VIRGINIA 23831

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____          15 May 2014
Borrower                                       Date
WALTER BARROW JR

_____          5/15/14
Borrower                                       Date
PATRICIA BARROW

_____          _____
Borrower                                       Date

_____          _____
Borrower                                       Date

_____          _____
Borrower                                       Date

_____          _____
Borrower                                       Date

03102014_77                                                         708
First American Mortgage Services                Page 8